UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT SMITH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRIAN BIRKHOLZ, Warden,<br><br>　　　　Respondent. | Case No. 2:22-cv-07780-MEMF-PD<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

On September 19, 2022, Trent Smith ("Petitioner"), an inmate at the Federal Correctional Institution in Lompoc, California, proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2241 seeking expungement of a prison disciplinary record.[1]  [Dkt. No. 9-1.]

---

[1] Petitioner initially filed the Petition in the District of Montana, where he was sentenced. That court dismissed it for lack of jurisdiction because the judicial remedy, if any, lies in the district of confinement. [Dkt. No. 1 at 2.] Petitioner then filed it in the District of Colorado, where the challenged disciplinary proceeding occurred. [*Id*. at 1.] That court screened the petition, found it deficient, and gave Petitioner the opportunity to amend. [Dkt. No. 3.] The court screened the subsequently filed amended petition, found it deficient because it was not on the District of Colorado habeas application form, and gave Petitioner two opportunities to amend. [Dkt. Nos. 4, 7, 8.] On September 19, 2022, Petitioner filed the Petition on the correct form. [Dkt. No. 9-1.] The court then transferred the Petition to this district because Petitioner is incarcerated here. [Dkt. No. 16.]

## I. Background and Petitioner's Contentions

In May 2019, when Petitioner was housed at the Federal Correctional Institution in Florence, Colorado, he was issued an incident report charging him with conduct disruptive to security or orderly running of a Bureau of Prisons (BOP) facility most like extortion, blackmail or protection. On June 11, 2021, a disciplinary hearing was held and the presiding officer found that Petitioner had committed the charged prohibited act and imposed discipline that included the loss of 27 days of good conduct time. [Dkt. No. 21 at 4.] Petitioner challenges that determination on the ground that the incident reports do not describe him demanding or receiving money or anything of value from the officer in return for protection or interfering with the officer's ability to do his duties. [Dkt. No. 9 at 5.] Accordingly, Petitioner alleges that there is no evidence to support the findings and that he was thus denied due process. [*Id.*] Petitioner requests that the Court reinstate his 27 days of good time credit and expunge the incident report and any other reports associated with it. [*Id.* at 4.]

In response to the Petition, Carrie E.K. Cervantes, the Discipline Hearing Administrator for the BOP Western Regional Office, reviewed the incident report, evidence supporting the charge, and the disciplinary officer's written report. [Dkt. No. 21-1 at ¶ 7.] After reviewing the evidence, Cervantes determined that the incident report needs to be re-heard. [*Id.*] On January 5, 2023, Cervantes vacated the disciplinary hearing officer's decision, vacated the sanctions, and ordered that the matter be reheard. [*Id.* at ¶¶ 7, 8, and at 10, 13.] The incident report and the loss of 27 days of good time credit no longer appear in Petitioner's disciplinary record. [*Id.*]

2

## II. Discussion

### A. Dismissal is Warranted Because Petitioner's Claim is Moot

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted); *see also Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. *Calderon v. Moore,* 518 U.S. 149, 150 (1996) (citation omitted); *see also Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (citations and internal quotation marks omitted). Since mootness is a jurisdictional bar, moot petitions should be dismissed. *Kittel,* 620 F.3d at 951–52.

Petitioner requests the reinstatement of good time credits and expungement of the disciplinary records associated with the incident at issue. [*See* Dkt. No. 9 at 4-5.] On January 5, 2023, the BOP vacated the disciplinary decision and sanctions and ordered the matter to be reheard. [Dkt. Nos. 21 at 3; 21-1 at 3.] Because the BOP has vacated the underlying disciplinary decision and sanctions, there is no further relief that this Court can provide and the Petition is now moot. *See e.g., Yagman v. Thomas*, 612 F. App'x 408,

409 (9th Cir. 2015) (finding the case became moot when the BOP vacated the underlying disciplinary proceedings).

There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *Spencer*, 523 U.S. at 17. However, this exception is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow for full litigation before it ends, and (2) there is a reasonable expectation that the petitioner will be subjected to the challenged action again. *Id.*

Petitioner has not alleged or shown that there is a reasonable expectation he will be subject to the same disciplinary charges again. Moreover, if he was subjected to any further disciplinary charges as the result of a rehearing, it appears he could file a new habeas corpus petition concerning any future alleged violation of his due process interest. As such, the Petition should be dismissed as moot.

### III. Order

For the reasons set forth above, this action is dismissed without prejudice.

IT IS SO ORDERED.

DATED: May 22, 2023

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE